UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JERRY M. BLEDSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 13 C 5807 |
| | ) |
| **WEXFORD HEALTH SERVICES, et al.,** | ) Hon. Marvin E. Aspen |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jerry M. Bledson, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was housed under unconstitutional living conditions while confined at the Northern Reception Classification Center (NRC) at Stateville Correctional Center. This matter is before the court for ruling on Defendant Michael Lemke's motion for summary judgment. For the reasons stated below, the motion is granted.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining the existence of a genuine issue of material fact, a court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529

(7th Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986)).

However, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted).

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Lorillard Tobacco Co., Inc. v. A & E Oil, Inc.*, 503 F.3d 588, 594–595 (7th Cir. 2007), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (internal citations omitted). The inquiry is essentially "whether the evidence presents a sufficient disagreement to require submission to the jury, or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## **LOCAL RULE 56.1 (N.D. ILL.)**

Defendant filed a statement of uncontested material facts pursuant to Local Rule 56.1 (N.D. Ill.). Defendant also provided Plaintiff a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment," as required by circuit precedent. That notice clearly explained the requirements of the Local Rules and warned Plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

2

> (3) a concise response to the movant's statement that shall contain
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b).

The district court may rigorously enforce compliance with Local Rule 56.1. *See, e.g., Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings") (citing *Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *see also Koszola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1108 (7th Cir. 2004). "We have . . . repeatedly held that a district court is entitled to expect strict compliance with Rule 56.1." *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005).

Despite the admonitions stated above, Plaintiff failed to respond to Defendant's statement of uncontested facts. Accordingly, Defendant's statement of uncontested facts are deemed admitted.

## **FACTS**

Plaintiff started his detention at the NRC on June 27, 2013. (Def.'s 56.1(a)(3) Statement ¶ 4.) Plaintiff alleges that he was subjected to unconstitutional living conditions while at the NRC. (*Id.*, ¶¶ 6-11.) Plaintiff was aware that he was required to file a grievance to address the alleged unconstitutional living conditions. (*Id.*, ¶ 12.) Plaintiff was transferred to the Vandalia Correctional Center on July 24, 2013. (*Id.*, at ¶ 33.)

Inmates may file a grievance in accordance with Department Rule 504F: Grievance Procedures for Committed Persons. (Def.'s 56.1(a)(3) Statement ¶ 18.) Generally, an inmate must first attempt to resolve the grievance through his counselor. (*Id.*, ¶ 19.) If the grieved issue remains unresolved after this informal effort, or, for example, involves a disciplinary proceeding, the inmate may submit a written grievance on a grievance form to the facility Grievance Officer. (*Id.*, ¶ 20.) The Grievance Officer may personally interview the inmate and/or witnesses as deemed appropriate and he/she may obtain relevant documents to determine the merits of the inmate's grievance. (*Id.*, ¶ 21.) Upon completion of the investigation, the Grievance Officer's conclusions and, if appropriate, recommended relief, is forward to the Chief Administrative Officer (CAO). (*Id.*, ¶ 22.) The CAO's decision is then submitted to the grieving inmate. (*Id.*) If, after receiving the CAO's decision, the inmate feels the issue is unresolved, he may appeal in writing to the Director of the Department by submitting the Grievance Officer's report and the CAO's decision. (*Id.*, at ¶ 23.)

The Administrative Review Board (ARB), as the Director's designee, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing. (Def.'s 56.1(a)(3) Statement ¶ 24.) If no hearing is required, or, following a hearing if required, the ARB submits a written report of its findings and recommendations to the Director or the Director's designee, who then reviews the report and makes a final determination on the grievance. (*Id.*, at ¶

4

26.) A copy of the ARB's report and the Director's final decision is then sent to the inmate who filed the grievance. (*Id.*, at ¶ 27.) The originals of the documents are maintained in the ARB files. (*Id.*, at ¶ 28.)

Leslie McCarty is the Chairperson at the ARB assigned to review grievances submitted to the Director. (Def.'s 56.1(a)(3) Statement ¶ 14.) McCarty reviewed the ARB records for grievances filed by Plaintiff. (*Id.*, at ¶ 31.) As of February 24, 2014, Plaintiff had not submitted a single grievance to the ARB for review, which is a necessary step to exhaust administrative remedies. (*Id.*, at ¶ 32.) Plaintiff never filed a grievance related to the conditions of his confinement at the NRC and it is now too late for Plaintiff to grieve the conditions of his confinement while at the NRC within the 60 day limitation period established in DF 504.810. (*Id.*, at ¶ 34.)

## **ANALYSIS**

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner/detainee suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that a plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 536-37 (7th Cir. 1999).

A detainee must take all the steps required by the institution's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a detainee's attempt to exhaust available administrative remedies

5

in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37.

To exhaust remedies under § 1997e(a) a prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter*, 534 U.S. at 524-25.

Defendant has demonstrated that Plaintiff did not exhaust his administrative remedies regarding the alleged unconstitutional living conditions at the NRC. There is no genuine issue of material fact as to Plaintiff's failure to exhaust his administrative remedies. Accordingly, summary judgment is granted based on Plaintiff's failure to exhaust his administrative remedies.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted. Plaintiff failed to exhaust his administrative remedies.

If Plaintiff wishes to appeal this final order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). Plaintiff is warned that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

IT IS THEREFORE ORDERED that Defendant's motion for summary judgment [21] is granted. Plaintiff's complaint is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(2). The case is terminated.

Dated: 5/20/14

_____
United States District Judge
Marvin E. Aspen